UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN ALLEN DAVEY, *et al.*,<br><br>     Plaintiffs,<br> v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*,<br><br>     Defendants. | CASE NO. 3:23-CV-5399-RAJ-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 15, 2023 |

Plaintiffs, at least fourteen prisoners proceeding *pro se*, filed a proposed civil rights Complaint ("Complaint") under a single cause of action.[1] Dkt. 1-1. At the time the Complaint was filed, the Plaintiffs were housed at Pierce County Jail. *Id*. Plaintiffs allege violations of their constitutional rights related to plumbing and sewer issues in their Unit at Pierce County Jail in or around April 2023, which have caused unhealthy living conditions. *Id*.

---

[1] In addition to the Plaintiffs currently named on the docket, the proposed Complaint and proposed declarations name five additional prisoner-plaintiffs: Doug Detwiler and Rafael Swensen (Dkt. 1-1 at 29); Tellieun Harvey and John MacLean (Dkt. 1-1 at 49); and Daniel Clark (Dkt. 1-2 at 9). Also, since the filing of this action, Plaintiff Davey and several other individuals have sought to add additional Plaintiffs. *See* Dkts. 26; 33–35, 37, 38.

REPORT AND RECOMMENDATION - 1

On July 10, 2023, the Court ordered Plaintiffs to show cause why all but the first-named Plaintiff, Mr. Davey, should not be dismissed without prejudice to the institution of new, separate lawsuits by the dropped Plaintiffs pursuant to Federal Rule of Civil Procedure 21. Dkt. 40. Only two Plaintiffs, Mr. Davey and Mr. Starkgraf responded to the Court's Order to Show Cause. *See* Dkts. 42, 48, 49. Mr. Davey agrees that severance is appropriate, while Mr. Starkgraf opposes severance. Dkts. 42, 48, 49.

Upon review, the Court concludes that all but the first-named Plaintiff, Mr. Davey, would not be disadvantaged by filing separate lawsuits and, in fact, doing so would alleviate many of the procedural challenges inherent in multi-plaintiff cases. Accordingly, the Court recommends that, pursuant to Federal Rule of Civil Procedure 21, all but the first-named Plaintiff, Mr. Davey, be dismissed without prejudice to the institution of new, separate lawsuits. Thus, Mr. Davey should be permitted to proceed as the sole Plaintiff in this action. The Court further recommends that all proposed Motions be stricken, and that Plaintiff Davey be directed to file an amended Complaint addressing only his individual claims within thirty days of the Order adopting this Report and Recommendation.

I.  **BACKGROUND**

Plaintiffs initiated this lawsuit on May 2, 2023. Dkt. 1. Plaintiffs allege violations of their constitutional rights related to plumbing and sewer conditions in their Unit at the Pierce County Jail. *Id*. They allege that unidentified staff members have denied them cleaning supplies and access to the grievance system. *Id*. Plaintiffs allege that being housed in these unhealthy living conditions exacerbates their mental health issues and puts them at increased risk of infectious illness. *Id*. They allege the named Defendants know of the conditions of the Unit and the risks

1  associated with being housed there, but are willfully ignoring the issues. *Id*. Plaintiffs seek
2  money damages and injunctive relief. *Id*.

3　　　　The Court notes that since the filing of this action, Plaintiff Davey has filed a Motion to
4  show cause adding thirteen plaintiffs (Dkt. 26), followed by a Motion to add nine plaintiffs (Dkt.
5  30), and three additional Motions to add one plaintiff each (Dkts. 33–35). In addition and most
6  recently, two individual non-parties, Michael Burchette and Marcelus Perofeta, have filed
7  proposed motions for leave to proceed *in forma pauperis* ("IFP") with a proposed complaint,
8  apparently seeking to be added as plaintiffs in this action. *See* Dkts. 37, 38. Plaintiff Davey has
9  also filed a proposed supplemental complaint (Dkt. 18), a proposed amended complaint (Dkt.
10 25), another motion to show cause (Dkt. 32), and a supplemental amendment (Dkt. 39).

11　　　　On July 10, 2023, the Court issued an Order to Show Cause why all but the first-named
12 Plaintiff, Mr. Davey, should not be dismissed without prejudice to the institution of new,
13 separate lawsuits by the remaining Plaintiffs. Dkt. 40. The Court advised Plaintiffs in the Order
14 to Show Cause that this case could not proceed as a class action because they were proceeding
15 *pro se*. *Id*. at 2–3.

16　　　　In addition, the Court addressed whether Plaintiffs were properly joined in this action,
17 identifying a number of factors that militated against allowing this action to proceed as a joint
18 action involving all the named Plaintiffs. *Id*. at 3–5. The Court first noted that, because *pro se*
19 plaintiffs are not permitted to represent others' legal interests, Plaintiffs would *all* be required to
20 sign every joint pleading which presented a significant logistical burden that could potentially
21 delay resolution of the case. *Id*. at 3 (citing Fed. R. Civ. P. 11).

22　　　　The Court next noted that, though there may be common issues of fact underlying some
23 of the asserted claims, Plaintiffs' individual claims were likely to involve independent factual
24

REPORT AND RECOMMENDATION - 3

allegations requiring separate and distinct evidence, evaluations, and analyses which could ultimately cause delay and confusion in the resolution of this matter. *Id*. at 4.

The Court continued, explaining that group litigation creates countervailing costs. *Id*. In particular, the Court observed that Plaintiffs would be required to serve any submissions to the Court on all other co-Plaintiffs and personally bear the costs of such service. *Id*. (citing Fed. R. Civ. P. 5.). The Court noted that only four of the named Plaintiffs filed Applications to Proceed IFP after being notified of the deficiencies by the Clerk's Office, and that the few courts that have considered this issue agree that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee. *Id*. at 5.

Plaintiffs were advised that they had thirty days to file a response to the Order. *Id*. at 6–7. Plaintiffs were further advised that if any Plaintiff failed to timely respond to the Order, or filed a response indicating he did not wish to further participate in this action, this would result in a recommendation that the non-responding Plaintiff(s) be dismissed from this action. *Id*. As noted above, only Mr. Davey and Mr. Starkgraf responded to the Order to Show Cause. Dkts. 42, 48, 49. The time for the remaining Plaintiffs to respond has expired. *See* Dkt.

II.     DISCUSSION

Plaintiffs' Complaint sought to proceed as a multi-plaintiff case. Dkt. 1-1. Under Federal Rule of Civil Procedure 20, multiple plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20 (permissive rule). However, pursuant to Rule 21 of the Federal Rules of Civil Procedure a court may, on its own, correct a misjoinder of parties or claims by adding or dropping a party or severing any claim. Fed. R. Civ. P. 21; *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir.

REPORT AND RECOMMENDATION - 4

1980) (finding even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness). A court can generally dismiss all but the first-named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *Taddeo v. American Invsco Corp.*, No. 2:08-cv-1643-KJD, 2012 WL 1947897, at *1 (D. Nev. May 30, 2012). A court may not drop a party or sever a claim, however, if a substantial right of the parties would be prejudiced by the severance. *Coughlin*, 130 F.3d at 1351.

Here, in its July 10, 2023, Order, the Court described the numerous practical difficulties in pursuing multi-plaintiff prisoner litigation and how they appeared to weigh in favor of recommending that Plaintiffs proceed in separately filed cases. Doc. 40; *see supra*, pp. 3–4. The Court provided Plaintiffs an opportunity to respond to the Order and demonstrate why all Plaintiffs aside from the first-named Plaintiff, Mr. Davey, should not be dismissed without prejudice to the institution of new, separate lawsuits pursuant to Federal Rule of Civil Procedure 21. Dkt. 40 at 6–7.

Only two Plaintiffs have responded to the Court Order. *See* Dkts. 42, 48, 49. Mr. Davey agrees that severance is appropriate in this case and wishes to proceed with a Complaint that is separate from the one currently filed with multiple Plaintiffs. *See* Dkt. 42, 49. More specifically, he states that he "cannot help support a multi-person Complaint." Dkt. 42 at 1.

Mr. Starkgraf also responded to the Order, arguing that the actions in the Complaint involve a common question of law or fact and arise out of the same occurrence or series of occurrences. Dkt. 48 at 1–2. He also claims that many of the named Plaintiffs are "not competent or sane enough to litigate their own civil action." *Id*. at 2. The Court notes, however, that none of

REPORT AND RECOMMENDATION - 5

his co-Plaintiffs signed this response to the Order to Show Cause in which Mr. Starkgraf makes this argument, and none have otherwise indicated any desire to proceed with this action.[2]

Under the same legal principles discussed in the Court's July 10, 2023, Order, *see* Dkt. 40, the Court finds that a multi-plaintiff case here would result in unfairness to Plaintiffs and Defendants as well as hinder the Court's interests in judicial economy and efficient case management. Accordingly, pursuant to Federal Rule of Civil Procedure 21, the Court recommends dismissing all Plaintiffs aside from the first-named Plaintiff, Mr. Davey, without prejudice to the institution of new, separate lawsuits.

### III.  CONCLUSION

Based on the foregoing, this Court recommends that Plaintiffs Kristopher Starkgraf, Carl Boyd Obenchain, Christopher Michael Dinapoli, Troy Glenn Sevasin, Elijah Gabriel King, Ibrahim Ibnmuhsin Abdalibarri, Adrian Pierre Johnson, Justin Jeremy Cutler-Lucier, Christian Stevens, Frank Thomas Hinckley, Reid Edward Wasankari, Mark Allen Erisman, Ian William Flannery, Doug Detwiler, Rafael Swensen, Tellieun Harvey, John MacLean, and Daniel Clark be dismissed from this action without prejudice to the institution of new, separate lawsuits. The Court also recommends striking all proposed Motions (Dkts. 18, 25, 26, 30, 32, 33, 34, 35, 36, 37, 38, 50) in this case. The Court further recommends that Plaintiff Justin Allen Davey be permitted to proceed with this action, but only upon submission of an amended Complaint setting forth claims pertaining only to him within thirty days of the date of the Order adopting this Report and Recommendation. Finally, the Court recommends ordering all dismissed Plaintiffs, if they choose to re-file their claims, to proceed in separate cases, file new complaints

---

[2] Notably, Mr. Starkgraf is proceeding with another related lawsuit in this Court as a sole Plaintiff. *See Starkgraf v. Pierce County*, No. 3:23-cv-05390-BJR-MLP (Wash. W.D. 2023).

REPORT AND RECOMMENDATION - 6

which address only their individual claims, and pay a new filing fee or file an Application to Proceed *In Forma Pauperis*. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for the consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 15, 2023**.

Dated this 21st day of August, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7