UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ECHOTA C. WOLFCLAN, a/k/a Justin Allen Davey, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*, <br><br> Defendants. | Case No. C23-5399-TSZ-SKV <br><br> ORDER GRANTING REQUEST FOR APPOINTMENT OF COUNSEL AND DIRECTING THE PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL |

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Echota Wolfclan[1] submitted his civil rights complaint to the Court for filing on May 2, 2023. Dkt. 1-1. Plaintiff alleged in his complaint violations of his constitutional rights related to plumbing and sewer issues in his living unit at the Pierce County Jail ("the Jail") that resulted in unhealthy living conditions. *See id*. Plaintiff included in his complaint a request for certification as a class

---

[1] Plaintiff has thus far in this action been referred to as Justin Davey. However, Plaintiff identified himself as Echota Wolfclan in his original submissions (*see* Dkt. 1) and that appears to be his preferred name. The Court will therefore refer to Plaintiff as Mr. Wolfclan going forward.

ORDER GRANTING REQUEST FOR APPOINTMENT
OF COUNSEL AND DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 1

action, and he identified several fellow Pierce County Jail inmates as class members.[2]  *See id*. Plaintiff also submitted with his complaint an application to proceed *in form pauperis* ("IFP") and a request for appointment of counsel.  *See* Dkts. 1, 1-3.

Because of deficiencies in Mr. Wolfclan's IFP application, and the failure of any of the other proposed Plaintiffs to submit IFP applications, deficiency notices were issued by the Clerk's Office directing that the deficiencies be corrected by a specified deadline.  *See* Dkts. 3, 5-17.  Mr. Wolfclan corrected his IFP application as did some, but not all, of the proposed additional Plaintiffs.  *See* Dkts. 20, 24, 27, 29.  Mr. Wolfclan thereafter submitted a number of proposed motions seeking to add Plaintiffs to this action. *See* Dkts. 30, 33-35.  On July 10, 2023, an Order was issued directing the proposed Plaintiffs to show cause why all but Mr. Wolfclan should not be dismissed from this action without prejudice to the institution of new, separate lawsuits by the individual Plaintiffs.  Dkt. 40.  Only Mr. Wolfclan and one other proposed Plaintiff responded to the Court's Order.  Dkts. 42, 48-49.  Mr. Wolfclan agreed that severance was appropriate, explaining that he could not "help support a Multi-Person Complaint."  *See* Dkt. 42 at 1.

---

[2] Mr. Wolfclan filed a previous action in this Court raising similar issues and that action settled earlier this year.  *See Davey v. Pierce County*, C21-5068-LK.  Not only has Mr. Wolfclan now filed a second action on behalf of himself and other Jail inmates concerning plumbing and sewer issues at the Jail, but the earlier action appears to have further prompted a number of other Jail inmates to file separate actions raising the same issues.  *See e.g., Sevasin v. Pierce County Council, et al.,* C23-5372-TSZ-SKV; *Starkgraf v. Pierce County Council, et al.*, C23-5390-TSZ-SKV; *Obenchain v. Washington State DSHS, et al.*, C23-5419-JLR-TLF; *Larson v. Pierce County Council, et al.*, C23-5483-TSZ-SKV; *Abdalibarri v. Washington State DSHS, et al.*, C23-5485-TSZ-SKV; *Elliott v. Pierce County Council, et al.*, C23-5486-TSZ-SKV; *Poland v. Troyer, et al.*, C23-5536-TSZ-SKV; *Ruffin v. Pierce County Council, et al.*, C23-5541-TSZ-SKV; *Han v. Pierce County, et al.*, C23-5613-TSZ-SKV; *Reed v. Pierce County, et al.*, C23-5660-TL-MLP; *Cardey v. Pierce County, et al.*, C23-5701-TL-BAT; *Stacy v. Pierce County, et al.*, C23-5718-JHC-GJL; *Widland v. Pierce County, et al.*, C23-5719-TSZ-SKV; *Bonds v. Pierce County, et al.*, C23-5720-TSZ-SKV; *Rozier v. Pierce County, et al.*, C23-5724-BJR-BAT; *LeAir v. Pierce County, et al.*, C23-5738-RAJ-BAT; *Estes v. Pierce County, et al.*, C23-5749-RAJ-GJL; *Yerly v. Pierce County, et al.*, C23-5752-JCC-TLF.

ORDER GRANTING REQUEST FOR APPOINTMENT
OF COUNSEL AND DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 2

On August 21, 2023, a Report and Recommendation was issued recommending that Mr. Wolfclan be permitted to proceed with this action, upon submission of an amended complaint pertaining only to him, and that all other proposed Plaintiffs be dismissed without prejudice to them instituting new, separate lawsuits. Dkt. 52. Upon further consideration of the record in this action, and review of the multiple individual cases raising similar issues filed by other Jail inmates, this Court has determined that it is appropriate at this juncture to withdraw the pending Report and Recommendation and to allow this case to proceed as filed, albeit with the appointment of counsel. The Court addresses Mr. Wolfclan's request for appointment of counsel below.

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's request for appointment of counsel is somewhat sparse. Dkt. 1-3. He cites to mental health issues and the manner in which they are being addressed at the Jail, he claims that Pierce County is abusing inmates, and he references the prior civil rights action in which he was appointed counsel and obtained a settlement. *See id*. However, the seriousness of Plaintiff's underlying claims regarding the conditions of confinement at the Jail, and the number of inmates who have purportedly been impacted by the alleged unconstitutional conditions, highlight the

complexities, or potential complexities, of this case.  In addition, though the Court cannot, at this time, determine with any degree of certainty the likelihood that Mr. Wolfclan or any of the other proposed Plaintiffs will succeed on the merits of the claims asserted in this action, the fact that similar claims asserted by Mr. Wolfclan in his prior action were resolved favorably to him suggests the claims may have merit.[3]

Based on the foregoing, this Court hereby ORDERS as follows:

(1)     The Report and Recommendation issued by the Honorable Grady J. Leupold on August 21, 2023 (Dkt. 52) is WITHDRAWN.

(2)     Mr. Wolfclan's request for appointment of counsel (Dkt. 1-3) is GRANTED, contingent on identification of counsel willing to represent Plaintiffs in this matter.  The Western District of Washington's pro bono coordinator is directed to identify counsel to represent Plaintiffs, in accordance with the Court's General Order 16-20 ("In re: Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions"), section 4.  Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiffs, the Court will issue appropriate orders.

//

//

//

//

---

[3] The Court observes that since it has determined it is appropriate to allow this action to proceed with multiple Plaintiffs appointment of counsel is, in fact, necessary as the Ninth Circuit has made clear that a *pro se* litigant such as Mr. Wolfclan has no authority to appear as an attorney for others.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)); *McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966).  However, the other factors cited herein also weigh in favor of appointment of counsel.

ORDER GRANTING REQUEST FOR APPOINTMENT
OF COUNSEL AND DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 4

(3) The Clerk is directed to send copies of this Order to Plaintiffs, to the pro bono coordinator, and to the Honorable Thomas S. Zilly.

DATED this 1st day of September, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge