THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ECHOTA C. WOLFCLAN, on behalf of himself and other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PIERCE COUNTY, *et al.*,<br><br>Defendants. | Case No. 23-cv-5399-TSZ-SKV<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR INDIVIDUALIZED CLAIMS FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

I.   INTRODUCTION

1. This is a class action civil rights lawsuit brought by a mentally ill, pre-trial detainee on behalf of similarly situated detainees housed in a cell block that Pierce County officials and senior Pierce County Jail Correctional Officers know has inhumane and unsanitary conditions, including regular backflushing and flooding of raw sewage, causing injury and illness to those housed there.

2. Despite objective evidence creating a substantial risk of serious bodily harm caused by unsafe and unsanitary plumbing conditions at the Pierce County Jail, these officials have refused to remove the serious plumbing issues, even though they have been long known about and previously identified in a report going back to 2014; nor have these officials moved the detainees out of the unsafe and offending locations of the jail. Instead,

**AMENDED COMPLAINT** - 1
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

they have continued to house some of Pierce County's most vulnerable, mentally ill detainees in these cells because detainees are unlikely to have the resources and mental capacity to challenge Pierce County.

3. The Defendants' actions violate the Eight and Fourteenth Amendments to the United States Constitution and Article I, sections 3 and 14 of the Washington Constitution, as well as Defendants' duty to keep detainees in health and safety. Defendants will continue to violate the rights of detainees in their care absent injunctive and declaratory relief as requested below.

4. Plaintiffs seek to certify a class of all detainees held in the Pierce County Jail, Cell Block 3 North A from April 8, 2023, until the present, and any other cell blocks having unremedied plumbing defects leading to the same, similar, or worse living conditions, and all detainees who will be held those cells blocks in the future.

5. On behalf of all members of the class, Mr. Wolfclan claims declaratory and injunctive relief, and on behalf of himself only, he claims damages.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983, in that Defendant, under color of state law, have deprived the Plaintiff of their rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

7. Venue is proper in this district under 28 U.S.C. § 1391 because at least one of the named Defendants resides in this District and all Defendants are residents of Washington State, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**AMENDED COMPLAINT** - 2
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

8. Moreover, pursuant to 28 U.S.C. § 2202, this Court has authority to grant injunctive and other necessary and proper relief.

### III.   PARTIES

9. Plaintiff, Echota C. Wolfclan (formerly known as Justin Allen Davey), is a mentally ill individual who was a pre-trial detainee at Pierce County Jail from April 8, 2023, to August 15, 2023. Mr. Wolfclan has been the Defendant in 18 Pierce County criminal cases since 2004, often resulting in him being detained in Pierce County Jail.

10. Defendant, Pierce County and the Pierce County Council, in their official capacity.

11. Defenant, Pierce County Sheriff Ed Troyer, in their individual and official capacity.

12. Defendant, Pierce County Chief of Correction Patti Jackson in their individual and official capacity.

13. Defendant, Captain Matthew Dobson, Deputy Corrections Office, in their individual and official capacity.

14. Defendant, Sergeant Anthony Mastandrea, Deputy Corrections Office, in their individual and official capacity.

15. All of the Defendants are state actors for all purposes and acted under the color of state law at all relevant times.

### IV.   LEGAL BACKGROUND

16. "Longstanding conditions involving backflushing and the denial of cleaning supplies to sanitize the area contaminated by waste water" have been found to "violate the Eighth Amendment." *Bodnar v. Riverside Cty. Sheriff's Dep't*, No. EDCV 11-291-DSF OP, 2014 U.S. Dist. LEXIS 83110, 2014 WL 2737815, at *7 (C.D. Cal. Mar. 28, 2014).

AMENDED COMPLAINT - 3
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

17. "In contrast to post-conviction prisoners, pretrial detainees have the right to be free from punishment under the Fourteenth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 533 (1979).

18. Prison officials have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

19. To establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)).

20. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

21. To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

22. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

V.   FACTUAL ALLEGATIONS

*Mr. Wolfclan's Detainment in Cell Block 3 North A From April 2023 to May 2023*

AMENDED COMPLAINT - 4
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

23. On April 8, 2022, Mr. Wolfclan was transferred from Pierce County Jail general population cell block 4 South B to "Beautiful Minds" cell block 3 North A.

24. As soon as he arrived at cell 6-7 in 3 North A, Mr. Wolfclan recognized the sewage problem he complained about during a prior detainment in Pierce County persisted, and he was doomed to another term in these unsanitary, inhumane conditions.

25. The toilet in Cell 6-7 was filled with raw sewage emitting noxious sewer gases, and his cellmate was sleeping or otherwise unconscious. The noxious gases gave Mr. Wolfclan an immediate headache and anxiety at the realization that he would be stuck in the inhumane conditions he suffered in 2020.

26. Returning to the unit after two years, Mr. Wolfclan reports that the conditions have worsened since 2020, with sewage odor being as much as seven times worse. He witnessed his cellmate throwing up, suffering diarrhea, and being incapable of eating for as many as four days. He witnessed another resident who was moved after their eyes swelled shut and a resident who was put on an IV due to being unable to eat in the conditions. The detainee whose eyes swelled shut was later moved to solitary confinement because after he was returned to cell block 3 North A he told guards he was suicidal due to the conditions.

27. While detained in cell block 3 North A, Mr. Wolfclan was placed on medication for headaches, allergies, upset stomach, coughing, mucus, and other respiratory problems caused by the disgusting conditions that Pierce County refuses to remedy.

28. On April 8, 2022, Mr. Wolfclan immediately requested cleaning supplies, but just like the 7 months he spent in this cell block in 2020, his request was denied since there was then still no set policy for supplying inmates with cleaning supplies.

29. On the morning of April 9, 2023, Mr. Wolfclan woke to unsurprisingly find that the toilet had overflowed, and his cell floor was covered in raw sewage—conditions he was forced to eat his breakfast in.

**AMENDED COMPLAINT** - 5
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

30. Mr. Wolfclan also noticed that what appears to be black mold is falling out of a vent in the unit 3 North A showers. And that the cell block 3 North A floors are covered in black grime related to the raw sewage flooding the cells. The black grime sticks to detainees' socks causing it to spread to their blankets and bed.

31. When one cell flushes, the adjoining cell's toilet backflushes raw sewage into the other cell. In at least four cases this resulted in raw sewage backflushing onto Mr. Wolfclan's anus and genitals.

32. As a result, Mr. Wolfclan developed an open sore caused by exposure to raw sewage.

33. Mr. Wolfclan requested a medical check related to the sores, and correctional officers mislabeled the request as for an STD check.

34. Mr. Wolfclan reports that the conditions are so bad that Corrections Officers working under/with Captain Matthew Dobson, and Sergeant Anthony Mastandrea are bribing unit workers with candy bars to pour soapy water down the 10-11 sewage drainage pipes, even though this does not fix the problem.

35. The noxious sewer gases are everywhere in the 3 North A cell block, including the cells and dayroom. The smell persists all day, every day. There is no option for the detainees to get away from it, making it difficult to eat or breathe with the ever-present, overwhelming stink.

36. Mr. Wolfclan and other inmates he has witnessed attempted to cope with the conditions by pacing in their cells, or through prayer. In both cases, they are forced to walk or even prostrate themselves on the floors that are persistently contaminated with raw sewage, and which they do not have sanitation supplies to clean.

37. Mr. Wolfclan was baptized in a Christian congregation at the Champions Center Church on January 29, 2023.

**AMENDED COMPLAINT** - 6
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES pllc

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

38. As part of Mr. Wolfclan's religious practice he regularly prostrates himself to God, placing his forehead to the ground in a form of kissing reverence to his savior's feet that he understands to be consistent with Revelations 14:1 which references "144,000 who had his name and his Father's name written on their foreheads."

39. Due to his authentic religious beliefs and the inhumane conditions, he was placed in, Mr. Wolfclan was forced to kiss the raw sewage-infested floors of his cell.

### Dangers of Sewar Gas

40. As explained above, Mr. Wolfclan and others detained in the 3 North A cell block are not only subject to raw sewage flooding their cells, but ever-present gasses escaping from the sewage system and filling every corner of the cell block.

41. Sewage gas is a complex mixture of toxic and nontoxic gases that result from feces, urine, household cleaners, and other industrial waste breaking down and reacting in the sewage system. Toxic components of these sewer gases can include hydrogen sulfide, ammonia, methane, carbon dioxide, sulfur dioxide, and nitrous oxides.

42. Exposure to sewer gas is known to result in fatigue, headaches, nausea, vomiting, dizziness, poor memory, poor concentration, and other inflammation. In high concentrations, sewage gas is noxious and can even lead to loss of consciousness.

43. Mr. Wolfclan and others detained in cell block 3 North A experienced and were treated for these symptoms including headaches, allergies, upset stomach, coughing, mucus, and other respiratory issues.

### Mr. Wolfclan's Grievance Attempts

44. On April 8, 2022, after being denied access to cleaning equipment, Mr. Wolfclan requested to submit a grievance, as he had in 2020, but was informed by cluster officers working under/with Captain Matthew Dobson, and Sergeant Anthony Mastandrea that they no longer hand out grievances for the unsanitary conditions caused by the long-term plumbing issues.

**AMENDED COMPLAINT** - 7
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

45. Throughout his detainment in Cell Block 3 North A Mr. Wolfclan made regular requests to enter grievances related to the inhumane conditions which were denied.

46. On information of belief, the decision to refuse an opportunity to file a grievance was to prevent Mr. Wolfclan and other detainees from submitting and exhausting their grievances before pursuing a lawsuit.

47. On April 9, 2023, Mr. Wolfclan attempted to electronically file for a grievance using a kiosk but the machine was frozen. When he questioned officers working under/with Captain Matthew Dobson, and Sergeant Anthony Mastandrea about the kiosk being frozen, they explained the kiosk is updating every time someone wants to submit a grievance.

48. On information of belief the kiosk was deliberately not repaired to prevent Mr. Wolfclan and other detainees from submitting their grievances before pursuing a lawsuit.

### *Retaliation Related to Grievance Attempts and Lawsuit*

49. After making daily complaints about the inhumane conditions, Mr. Wolfclan was threatened that if he continued, he would be disciplined. When he continued, he was placed on cell lockdown and later ordered to stick his own finger down his throat while observing correctional officers laughed.

50. After filing his initial complaint on May 2, 2023, on May 6, 2023, Mr. Wolfclan was transferred to a suicide observation cell in cell block 3 North A.

51. On information and belief one Sergent Miller working under/with Captain Matthew Dobson, and Sergeant Anthony Mastandrea ordered the cell Mr. Wolfclan was transferred to not to be cleaned before his transfer.

52. The suicide observation cell Mr. Wolfclan was transferred to was covered in feces when he arrived and suffered from back flushing issues similar to the 3 North A cell block.

**AMENDED COMPLAINT** - 8
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

53. On information and belief, the transfer to a feces-covered, segregated, suicide observation cell was in retaliation to Mr. Wolfclan complaining about conditions and filing his initial complaint in this matter.

54. On May 9, 2023, Mr. Wolfclan agreed to be transferred to the general population to avoid further exposure to the feces-covered, segregated, suicide observation cell.

55. On information and belief, knowing Mr. Wolfclan suffered from schizophrenia, and extreme anxiety disorder, and knowing he was both physically and sexually abused as a child—as disclosed in his Mental Health Evaluation—Defendants intentionally transferred Mr. Wolfclan to a cell with a convicted violent child rapist.

### Mr. Wolfclan's Prior Experiences with the "Beautiful Minds" Cell Block 3 North A

56. This was not Mr. Wolfclan's first time being housed in the 3 North A cell block. Approximately three years earlier, while also classified as a mentally ill pre-trial detainee, he was transferred to the same cell block on May 12, 2020—that transfer was due to his good behavior reclassifying him from a level 2 closed custody detainee to a level 3 high/medium custody detainee.

57. During the 2020 period, for seven months, Mr. Wolfclan (then named Justin Allen Davey) suffered raw sewage backing up in his cell's toilet, noxious fumes filling his cell, and the toilet overflowing 10-15 times a day—flooding the cell floor with raw sewage. Mr. Wolfclan requested PPI and sanitation equipment throughout these seven months and was only granted sanitation equipment twice. Due to persistent denials, he was forced to clean his cell with his own shirt and water from the cell's sink. And he was still served breakfast in these unsanitary, inhumane conditions, which often prevented him from eating. He complained about the conditions at every formal inspection (conducted once every three

AMENDED COMPLAINT - 9
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

weeks) and submitted numerous grievances. *See Davey v. Pierce Cty. Council*, No. C21-05068-LK-SKV, 2022 U.S. Dist. LEXIS 125871 (W.D. Wash. Mar. 10, 2022).

58.     On information and belief, namely conversations with Pierce County Jail maintenance personnel, the current unsanitary condition is the result of a 30-year-old mistake in plumbing—a mistake that Pierce County will not fund to correct. According to the same maintenance worker, the 3 North A cell block is the worst because the plumbing is directly connected to the 4th floor. Accordingly, 3 North A units not only suffer from issues with adjacent cells plumbing, but the sewage from the 4th floor drains down into 3 North A Cells.

*Defendants are Deliberately Indifferent to The Substantial Risk of Serious Harm to Detainees Housed in Cell Block 3 North A*

59.     Pierce County, Pierce County Council, Sheriff Ed Troyer, Chief of Correction Patti Jackson, Captain Matthew Dobson, and Sergeant Anthony Mastandrea have all previously been named in Mr. Wolfclan's 2020 lawsuit which detailed the inhumane conditions in cell block 3 North A and explained how those conditions created a substantial risk of serious harm to any detainee housed there including that the conditions created a serious risk of "transmission of an infectious illness, a breeding grounds for disease, and that the conditions were exacerbating my mental illness." The increased risk to mentally ill inmates is particularly concerning since defendants have elected to use this cell block exclusively for the mentally ill. S*ee Davey v. Pierce Cty. Council Case,* No. 3:21-cv-05068-LK-SKV, Dkt. 81 filed 7/15/2022.

60.     In 2014 an engineering evaluation was conducted on the jail's and related facilities' sewage and plumbing. A report, issued on October 1, 2014, found that the jail's plumbing was not in compliance with the current code standards and that the adjacent unit's toilets are connected and have deteriorated to the extent that when one is flushed, the other overflows.

**AMENDED COMPLAINT** - 10
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

61. As early as February 3, 2016, Chief of Correction Patti Jackson and members of the Sheriff department were informed that methane/sewer smell in the Pierce County Jail was an "ongoing chronic health and safety issue" that was affecting staff (reporting "staff getting sick, reports of headaches, involuntary gag reflexes etc.") and inmates. They were warned that they need "a permanent fix to the health and safety issues otherwise we will <u>soon</u> be getting L&I or grievance complaints." They were told in no uncertain terms that "[t]his ongoing health and safety condition is just unacceptable."

62. Being on notice of the serious risk inherent to the conditions in cell block 3 North A, Pierce County, Pierce County Council, Sheriff Ed Troyer, Chief of Correction Patti Jackson, Captain Matthew Dobson, and Sergeant Anthony Mastandrea were deliberately indifferent to the substantial risk of serious harm to inmates housed in cell block 3 North A by failing to remedy the illegal and inhumane conditions, or in the alternative, move the mentally ill detainees to another location.

63. On information or belief, despite knowing the conditions in cell block 3 North A are dangerous and exacerbate detainees' mental illness, Defendants elected to, and continue to house mentally ill detainees in cell block 3 North A because their mental illness inhibits their ability to demand safe, sanitary, and humane conditions.

64. Defendants' deliberate indifference to detainees' health and safety has been ongoing due to Pierce County's refusal to fund remediation of improper plumbing as well as the Pierce County Sheriff, Pierce County Chief of Correction, and Pierce County Jail correction officers' participation in continuing to house detainees—recognized as some of Pierce County's most vulnerable under RCW Chapter 10.77—in these conditions.

65. Captain Dobson and Seargeant Mastandrea are aware of the deteriorating conditions of cell block 3 North A—with even their own deputies complaining—including Mr. Wolfclan overhearing Deputy CO Maulin complaining "Fuck it smells like shit in here… they need to fix this shit" while doing a unit walk; with Deputy COs Stevens and

AMENDED COMPLAINT - 11
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Ramos having unit workers dump water down the sewage pipes (despite this practice not working); Deputy CO Mrs. Earp spraying air freshener throughout the unit; and Deputy CO White unlocking and entering an empty cell to flush a toilet that had backflushed for nearly 12 days.

66. On April 26, 2023, during "formal inspection," Mr. Wolfclan and 21 other detainees in Cell Block 3 North A again notified prison-guard staff including Sergeant Mastandrea and two other officers working with Captain Dobson of the inhumane conditions in the cell block and asked them to inform Sheriff Ed Troyer, the County Counsel, and the on-site medical and health personal to move the mental health unit out of cell block 3 North A.

67. By comparison, when he first arrived at Pierce County Jail, Mr. Wolfclan was initially housed in a general population unit 4 South B, which he reports had working toilets, clean showers, new bedding, and smelled fine. This supports the inference that Defendants are housing the vulnerable mentally ill detainees in cell block 3 North A because inmates of sound mind would be more effective at demanding their constitutional rights.

### *Mr. Wolfclan's Status as a Pre-Trial Detainee*

68. Plaintiff, Mr. Wolfclan, was incarcerated at the Pierce County Jail from April 4, 2023, until August 15, 2023, at which time he was transferred to Western State Hospital to have his competency restored. At all relevant times, Mr. Wolfclan was a pre-trial detainee who was involuntarily detained at Pierce County Jail.

69. On April 5, 2023, Mr. Wolfclan was arraigned and found incompetent to proceed by Pierce County Superior Court and ordered to be evaluated under RCW Chapter 10.77.

**AMENDED COMPLAINT** - 12
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

70. On April 6, 2023, Mr. Wolfclan was arraigned and found incompetent to proceed by Pierce County District Court and ordered for further evaluation under RCW Chapter 10.77.

71. On April 8, 2023, Mr. Wolfclan was placed in the so-called "Beautiful Minds" housing unit at the Pierce County Jail, 3 North A Cell 6-7, after being victimized in general population housing.

72. On April 10, 2023, a forensic psychologist again found Mr. Wolfclan incompetent to proceed under RCW Chapter 10.77.

### *Civil Rights Class Allegations*

73. The treatment to which Plaintiff and the class he represents has been subjected were performed pursuant to the acts or omissions of Defendants acting under the color of state law.

74. Plaintiff, on behalf of himself and of the class of similarly situated persons, seeks an order declaring that Defendants' treatment of Plaintiff resulting from the acts or omissions of Defendants is unlawful. Plaintiff brings this action on behalf of all persons similarly situated, pursuant to Fed. R. of Civ. P. 23(b)(2). Plaintiffs seek certification of a class defined as follows:

> **All detainees held in the Pierce County Jail, Cell Block 3 North A from April 8, 2023, until the present, and any other cell blocks having unremedied plumbing defects leading to the same, similar, or worse living conditions, and all detainees who will be held in those cells blocks in the future** ("the Plaintiff Class").

75. Pursuant to Fed. R. of Civ. P. 23(a), the members of the class are so numerous that joinder of all members is impractical. The plaintiff does not know the exact number of class members. Plaintiffs are informed and believe, and thereupon allege that at least 22 persons housed in Cell Block 3 North A signed a petition complaining to

AMENDED COMPLAINT - 13
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Defendants about the unconstitutional living conditions there, and likely hundreds more affected class members have been housed there since April 8, 2023, or housed in cell blocks within Pierce County Jail having unremedied plumbing defects leading to the same, similar, or worse living conditions, and that there will be thousands of additional class members in the future if the plumbing defects are not fixed.

76. Pursuant to Fed. R. of Civ. P. 23(a), Plaintiffs are informed and believe, and thereupon allege, that there are questions of law and fact common to the class, including but not limited to:

- Whether the conditions detainees suffered violates the Equal Protection Clause of the Fourteenth Amendment
- Whether the conditions detainees suffered constitute a violation of the Eighth Amendment's prohibition of cruel and unusual punishment
- Whether the conditions detainees suffered constitute a violation of Article I, sections 3 and 14 of the Washington Constitution
- Whether the conditions detainees suffered constitute tortious failure to maintain safe and healthful living conditions.

77. Pursuant to Fed. R. of Civ. P. 23(a), Plaintiff's claims are typical of the class he seeks to represent. The plaintiff was subject to the conditions that denied him equal protection of the law. The plaintiff has the same interests and has suffered the same type of injuries as the proposed class. Plaintiff's claims arose because of Defendants' acts or omissions. Plaintiff's claims for declaratory and injunctive relief are based upon the same legal theories as the claims of the proposed class members.

78. Plaintiff's counsel has the resources, experience, and expertise to successfully prosecute this action against Defendants. Counsel knows of no conflicts among any members of the class, or between counsel and any members of the class. The named Plaintiff and class counsel will fairly and adequately represent the interests of the class.

**AMENDED COMPLAINT** - 14
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

79. Class-wide declaratory and injunctive relief are appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class as a whole.

***Withheld Tort Allegations Pending Notice to Local Government in Compliance with State Law***

80. In compliance with RCW 4.96.020, Plaintiff has submitted a claim for damages along with any other information required by law to state a claim for tortious conduct against a local government entity and its agent. Plaintiff will seek to amend the complaint to add a claim for damages so identified pursuant to RCW 4.96.020 once sixty calendar days have elapsed after the claim was first presented to the agent or governing body of Pierce County.

## VI.   CLAIMS FOR RELIEF

### COUNT I – 42 U.S.C. § 1983
### Violations of Rights Secured by the Equal Protection Clause of the Fourteenth Amendment

81. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

82. Title 42 U.S.C. § 1983 provides a cause of action against any person who, acting under color of state law, deprives an individual of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

83. At all relevant times Plaintiff was a pre-trial detainee.

84. At all times relevant hereto Defendants acted under color of state law.

85. Plaintiff was subjected to an objectively serious deprivation of safe, sanitary, and humane conditions that amounts to a denial of "the minimal civilized measure of life's necessities."

86. Defendants' acts and omissions caused Plaintiff injury.

### COUNT II – 42 U.S.C. § 1983
### Violations of the Eighth Amendment Restrictions Against Cruel and Unusual

**AMENDED COMPLAINT** - 15
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

**Punishment**

87. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

88. Title 42 U.S.C. § 1983 provides a cause of action against any person who, acting under color of state law, deprives an individual of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

89. At all times relevant hereto Defendants acted under color of state law.

90. Defendants, acting under color and authority of state law, deprived Plaintiff of safe, sanitary, and humane conditions.

91. Plaintiff further alleges that Defendants knew that Plaintiff was subject to unsafe, unsanitary, and humane conditions of cell block 3 North A, were deliberately indifferent to this fact, and deprived Plaintiffs of safe, sanitary, and humane conditions.

92. Defendants' acts and omissions caused Plaintiffs to suffer damages.

**COUNT III – Violation of Washington State Due Process Clause**

93. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

94. Defendants, acting under color and authority of state law, deprived Plaintiff of safe, sanitary, and humane conditions in violation of the Washington State Constitution Article 1 Section 3.

95. Without due process Plaintiff was subjected to an objectively serious deprivation of safe, sanitary, and humane conditions that amount to a denial of the minimal civilized measure of life's necessities.

96. Defendants' acts and omissions caused Plaintiff injury.

**COUNT IV – Violation of Washington State Prohibition Against Cruel Punishment**

97. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

AMENDED COMPLAINT - 16
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

98. Defendants, acting under color and authority of state law, deprived Plaintiff of safe, sanitary, and humane conditions in violation of the Washington State Constitution Article 1 Section 14.

99. Plaintiff further alleges that Defendants knew that Plaintiff was subject to unsafe, unsanitary, and humane conditions of cell block 3 North A, were deliberately indifferent to this fact, and deprived Plaintiffs of safe, sanitary, and humane conditions.

100. Defendants' acts and omissions caused Plaintiff injury.

## VII. PRAYER FOR RELIEF

A. Certify this as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) as detailed above.

B. Adjudge and declare that the actions, customs, conditions, policies, and practices described in this Complaint violate the rights of the Plaintiffs and the Plaintiff Class they seek to represent under the federal Constitution, and other applicable laws.

C. Preliminarily and permanently enjoin the Defendants their agents, employees, and all persons acting in concert with them from subjecting the Plaintiffs and the Plaintiff Class to the actions, customs, conditions, policies, and practices described in this Complaint.

D. Appoint a Special Master pursuant to Fed. R. Civ. P. 53 to oversee the Defendants' compliance with any orders the Court will issue in the future and order the Defendants to provide all appropriate and necessary funds to compensate the Special Master for their duties.

E. Retain jurisdiction of this case until such time as Defendants have fully complied with all orders of the Court, and there is reasonable assurance that Defendants will continue to comply in the future with these orders.

F. Award the named Plaintiff compensatory and punitive damages pursuant to

**AMENDED COMPLAINT** - 17
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

42 U.S.C § 1983 and applicable state laws.

G. Award Plaintiffs and the Plaintiff Class their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable statute or court rule.

H. Award Plaintiff and the Plaintiff Class such other and further relief as justice may require.

I. Compensatory and punitive damages in an amount to be determined at trial.

Dated this 1st day of March 2024.

LOWE GRAHAM JONES PLLC

*(signature)*

Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
walters@LoweGrahamJones.com
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300
F: 206.381.3301

THE LAW OFFICES OF
LISA R. ELLIOTT
Lisa Elliott, WSBA 41803
11120 NE 2nd St, Suite 100
Bellevue, Washington 98004
(253) 514-7866
lmarieroybal@gmail.com

*Attorneys for the Plaintiff and Plaintiff's Class*

**AMENDED COMPLAINT** - 18
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

I, Mitchell D. West, hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system and/or electronic mail on March 1, 2024.

By: */s/ Mitchell D. West*
Mitchell D. West, esq.

**AMENDED COMPLAINT** - 19
No. 23-cv-05399-TSZ-SKV

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301