# EXHIBIT 5

# Pierce County

**Office of Prosecuting Attorney**

**MARY E. ROBNETT**
Prosecuting Attorney

REPLY TO:
**CIVIL DIVISION**
930 Tacoma Avenue South, Suite 946
Tacoma, WA  98402

Main Office:  (253) 798-6732

July 10, 2024

**VIA EMAIL**

J. Scott Pritchard
STOEL RIVES, LLP
600 University Street, Suite 3600
Seattle, WA  98101
Scott.Pritchard@stoel.com

RE: *Wolfclan v. Pierce County* (23-cv-5399-TSZ-SKV)
ESI Collection Issues and Proposed Search Terms

Dear Scott:

The following is in response to Plaintiff's June 27, 2024, letter. Plaintiff's discovery must be relevant to the claims and defenses and proportional to the needs of the case. FRCP 26(b)(1).

**Custodians**:

Defendants' identification of the named defendants as custodians is appropriate. It is Plaintiff's burden to establish the relevance of other potential custodians. Plaintiff has not established why or how the individuals identified in his Initial Disclosures have relevant information.

In addition, the County departments identified by Defendants are appropriate records custodians.  Each department is a data custodian and exercises control over County records maintained in the ordinary course of business.

**Databases**:

The databases identified by Defendants are sufficient. We are still determining other applicable databases, which may include the County Legal Information Network eXchange ("LINX") system, grievance kiosks as a third-party data source (to the extent the data is within the care, custody and control of Defendants), and shared drives.

J. Scott Pritchard
July 10, 2024
Page 2

**Search Terms**:

Plaintiff's identification of general search terms, e.g. toilet, maintenance, health, and many other terms will produce voluminous unrelated records. Plaintiff offers no context for the search terms proposed in the June 27, 2024, letter and fail to identify applicable Interrogatories/Requests for Production relative to each term. In addition, many of Plaintiff's discovery requests are duplicative and search term consideration is needed for each individual discovery request to avoid duplication. Defendants cannot proceed until Plaintiff clarifies and narrows the search term proposal.

Defendants continue to maintain that Plaintiff's discovery requests are overly broad and vague and premature without a clear ESI protocol.

Notwithstanding the issues identified above, Defendants are attempting to gather records based on search terms identified by Defendants.

Sincerely,

*s/ Frank A. Cornelius*

Frank A. Cornelius
Deputy Prosecuting Attorney
(253) 798-6514

FAC/nb

cc. Jana Hartman