# EXHIBIT 6

# Wolfclan, et al. v. Pierce County, et al.

## Status Conference

## July 11, 2024



1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101
Bellingham | Everett | Tacoma | Olympia | Yakima | Spokane
Seattle 206.287.9066  Tacoma 253.235.0111  Eastern Washington 509.624.3261
**www.buellrealtime.com**
email: audio@buellrealtime.com

Page 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

_____

ECHOTA WOLFCLAN, et al.,          )
                                  )
          Plaintiff(s),           )
                                  )
vs.                               )
                                  ) NO. 3:23-cv-05399-TSZ-SKV
                                  )
PIERCE COUNTY et al.,             )
                                  )
          Defendant(s).           )
                                  )

_____

STATUS CONFERENCE

The Honorable S. Kate Vaughan Presiding

July 11, 2024

_____

TRANSCRIBED BY: ELIZABETH PATTERSON HARVEY, WA CCR 2731

Status Conference - 7/11/2024

Page 2

```
 1                  A P P E A R A N C E S

 2

    On Behalf of Plaintiff(s):
 3
            J. Scott Pritchard
 4          scott.pritchard@stoel.com
            Alissa Harris
 5          ali.harris@stoel.com
            Stoel Rives
 6          600 University Street, Suite 3600
            Seattle, Washington  98101
 7          206.386.7598

 8

 9  On Behalf of Defendant(s):

10          Frank A. Cornelius, Jr.
            frank.cornelius@piercecountywa.gov
11          Jana Hartman
            jana.hartman@piercecountywa.gov
12          Pierce County Prosecuting Attorney
            930 Tacoma Avenue S Room 946
13          Tacoma, Washington  98402
            253.253.7986
14

15

16

17

18

19

20

21

22

23

24

25
```

Status Conference - 7/11/2024

Page 3

```
 1              I N D E X   O F   P R O C E E D I N G S

 2

 3   PROCEEDINGS                                          PAGE

 4   Court Conducts Colloquy With the Parties               4

 5

 6                 E X H I B I T   I N D E X

 7   EXHIBITS FOR IDENTIFICATION

 8                  (No exhibits marked)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Status Conference - 7/11/2024

Page 4

 1                         -o0o-

 2                    July 11, 2024

 3

 4          THE CLERK:  The United States District Court for

 5     the Western District of Washington is in session, The

 6     Honorable Kate Vaughan presiding.

 7          Your Honor, the matter before the Court is

 8     scheduled for a status conference in Case Number CV-23-5399,

 9     assigned to Judge Zilly, Wolfclan versus Pierce County, et

10     al.

11          Counsel, please make your appearances, starting

12     with the plaintiff.

13          ATTORNEY PRITCHARD:  Scott Pritchard on behalf

14     of the plaintiff, along with my colleague, Alissa Harris.

15          ATTORNEY CORNELIUS:  Frank Cornelius on behalf of

16     of Defendants.

17          ATTORNEY HARTMAN:  Jana Hartman on behalf of

18     Defendants, although Mr. Cornelius will be addressing the

19     Court today.

20          THE COURT:  All right.  Thank you to you all.

21          And good afternoon, Mr. Pritchard and Ms. Harris

22     and Mr. Cornelius.

23          And where did you go?  I think you turned your

24     camera off.  Oh, Ms. Hartman.  There you are.  All right.

25     So if you could keep your camera on, that would be great

Status Conference - 7/11/2024

Page 5

1      since you are participating in the hearing even though

2      Mr. Cornelius is addressing the Court.

3                  Thank you to you all for being here.

4                  I have reviewed Docket 108, the combined Joint

5      Status Report and Discovery Plan.  The Court, on reviewing

6      that, issued an order setting this and providing the parties

7      with an updated case list, and that was Docket 111.

8                  Because there are some differences in views with

9      respect to some fairly significant matters, the Court

10     thought it would be helpful, before issuing a ruling, to get

11     folks together and understand a little more about some of

12     the issues.

13                 I'm going to start first with the discovery plan.

14     The main difference is that Defendants, Mr. Cornelius, you

15     are seeking a phased discovery plan with limits only to the

16     Rule 23 issues and to merits with respect to Mr. Wolfclan

17     alone.

18                 And Mr. Pritchard, I understand that you are just

19     seeking non-phased forward discovery with respect to the

20     subjects set forth in the status report, not limited to

21     those.

22                 The question that I wanted to ask is, you know,

23     sometimes limiting it to Rule 23 issues is appropriate here,

24     but it seems as if having reviewed the subjects set forth on

25     page 3 of Docket 108, that many of those do go to the

Page 6

1    question of numerosity and common question, which Plaintiffs

2    are required to satisfy for Rule 23.

3            So Mr. Cornelius, are there any specific areas

4    that you think would make sense to phase that you can --

5    that you can identify?

6            ATTORNEY CORNELIUS:  Well, one thing that we have

7    concern regarding, your Honor, is as far as discovery

8    regarding additional detainees, at least to the extent it

9    would call for jail file material.

10           Here, the Jail Act in Washington provides for

11    privacy for inmates; but then, too, regarding the nature of

12    the claim, the fact that these are conditions of

13    confinement claims, we are concerned that as far as the

14    nature of injury that different detainees or different

15    inmates might allege, that that's just going to open up an

16    issue regarding the medical, whether or not the medical

17    satisfies the conditions of confinement.  So we have

18    concerns about that.

19           We do think that some limited discovery,

20    certainly on the numerosity, could be allowed, but opening

21    up broad discovery -- so for example, I would assume that if

22    class action was allowed, that we could be talking about

23    years.

24           And we could be talking about -- and I don't

25    recall just precisely how many inmates might be housed in

Page 7

1       this particular area of the jail at a time, but I think it

2       could be approximately a dozen.  But we could be talking,

3       you know, a couple hundred people over a period of time.

4               And I don't think that that type of discovery at

5       this point is proportional to the needs of the case, not

6       full-blown discovery like that.  But I think that's -- as I

7       see it, looking at it, I think that we could address

8       discovery in a more limited fashion to try to determine

9       that.

10              I mean, likewise, as far as common questions, I

11      think those are clear.  I mean, it seems like based on the

12      class definition that Plaintiff's providing, we're looking

13      at a very specific area of the jail.  We're talking about a

14      very specific type of complaint.  This is the sewage issue.

15      So I don't understand why broad discovery would be needed

16      related to that issue.

17              I think that that type of discovery can be

18      narrowed, and that would go to the common questions of law

19      and fact.

20              As far as the typical -- typicality, again,

21      regarding broad discovery, I think that this might blend in

22      to the numerosity claim.  But I believe again, the way

23      Plaintiff's claims are stated, that limited discovery and

24      limited merits discovery would be okay.

25              So I don't see -- again, I don't see why a broad

Page 8

1    amount of discovery would be needed on this.  It seems to

2    appear to be based on the allegation that there's a

3    condition in the jail, that that condition in the jail

4    causes certain circumstances, and that certain individuals

5    -- and these would be individuals that are specifically in

6    that area of the jail -- would be exposed to and may have

7    harm.

8            So I don't see broad discovery being necessary.

9    I think a phased discovery would be appropriate.

10           THE COURT:  All right.  Thank you, Mr. Cornelius.

11           Mr. Pritchard or Ms. Harris, I'm not sure who's

12   speaking for the plaintiff.

13           ATTORNEY PRITCHARD:  I will today.

14           THE COURT:  Okay.

15           ATTORNEY PRITCHARD:  And thank you.

16           I just first want to say that the class

17   definition is in the amended complaint, and it is not

18   limited to Cell Block 3 North A.  It also includes any other

19   cell blocks having unremedied plumbing defects leading to

20   the same, similar, or worse living conditions.

21           And I think Mr. Cornelius' comments just

22   illustrates the problem.  We've asked for a specific

23   proposal:  What kind of limited discovery would make sense

24   under the circumstances that only go to the class

25   certification issues.

Status Conference - 7/11/2024

Page 9

1           And we didn't, frankly, receive it.  We never

2     received it.  It's not in the joint report.  And as far --

3     my reaction is that I'm still not hearing what it is.

4           If the defendants want to stipulate to certifying

5     the class, that's great.  Right?  But I mean, but these

6     questions are all implicated in our motion for class

7     certification.

8           And we've issued discovery requests.  They've

9     been very targeted, I believe.  And we're working through

10    issues related to ESI.  It's possible that we are going to

11    have issues related to discovery disputes.  But that seems

12    to be more about positions that Defendants may take as to

13    overall relevance related to the underlying claims.

14          But again, I just don't see a clear way of

15    separating class certification issues from the merits in

16    this case.  And at a minimum, the discovery that the

17    plaintiff would need is not limited to one particular cell

18    block.

19          And so I think to a certain extent it's

20    inevitable that we are going to need broader discovery, even

21    in connection with the class certification motion.  And if

22    we can cooperate on it and get the discovery we need, we'll

23    file a motion for class certification earlier than the

24    deadline that we've proposed.

25          But we've had these concerns from the outset.  We

Page 10

1    still haven't received responses to our outstanding

2    discovery requests.  We've provided an extension, and that's

3    agreed upon.  But we just don't want to be needlessly jammed

4    or limited in our ability to present our case.

5            THE COURT:  So Mr. Cornelius raised the issue of

6    medical privacy.  And looking at your list, I was wondering

7    -- because it seems to me relevant discovery with respect to

8    those inmates that have made complaints with respect to the

9    conditions and that have caused them issues.

10           But I'm wondering whether there's a way to leave

11   until merits the exploration of the actual impact of that,

12   the medical records that would underlie that.  So I'm just

13   wondering, Mr. Pritchard, if you have any thoughts on the

14   medical privacy issues that Mr. Cornelius raised?

15           ATTORNEY PRITCHARD:  Sure.  So I think to a

16   certain extent, this goes back to the fact that we very

17   purposefully in our complaint have asserted only an

18   individual claim for damages on behalf of Mr. Wolfclan.

19           But we are seeking injunctive relief on behalf of

20   the class.

21           And I do think that that -- that the standards

22   are different, but there still is an element of showing

23   classwide harm.  What exactly that looks like is perhaps up

24   for debate legally, right?

25           But, you know, I think I would be open to

Status Conference - 7/11/2024

Page 11

1        conversations with Mr. Cornelius, and maybe we could come up

2        with a way limiting medical related, physical injury related

3        documents in discovery to the main plaintiffs at this point.

4               But I'm just reluctant to say that that wouldn't

5        be needed as a part of class certification (inaudible) as

6        well (inaudible).

7               THE COURT:  Okay.  And the Court's understanding

8        would be that the parties would be amenable to the entry of

9        some form of protective order with respect to typically

10       health related matters.  Mr. Cornelius; is that correct?

11              ATTORNEY CORNELIUS:  As it would relate to the

12       named Plaintiff, Mr. Wolfclan, your Honor, but I think the

13       Jail Act -- again, I don't think that that's something -- I

14       don't think a protective order is something that the county

15       can enter into that would waive the privacy issue that the

16       Jail Act provides.  I think that's something -- I think it's

17       more individual, I believe, to the particular inmate.

18              And whether or not -- as I understand what the

19       Court was saying, I could see those potential other

20       plaintiffs that have brought lawsuits potentially certainly

21       that they -- an individual party can waive -- inmate party

22       can waive their privacy issue.

23              But those individuals that are not parties, I

24       don't believe the Jail Act would allow the county

25       independently to enter into a protective order to allow

Status Conference - 7/11/2024

Page 12

1      disclosure of that information.

2              But -- and I also just want to address the issue

3      regarding the class definition.  Mr. Wolfclan was only --

4      this issue only applies to him as it relates to the mental

5      health portion of the jail.  And that's, I believe, that 3 N

6      -- 3 North A section.

7              I mean, I understand Mr. Pritchard is claiming

8      that the class would involve, it sounds like, the entire

9      jail.  But Mr. Wolfclan wouldn't have standing to bring such

10     a claim, and certainly then under that circumstance wouldn't

11     have the ability to bring discovery related to that claim.

12             Mr. Pritchard indicated that discovery has been

13     served, and it has.  And we have already reached some

14     informal agreements regarding limitation of that discovery

15     that even those limitations, though, still remain subject

16     possibly to Court review.

17             But right now, we're working through that, and

18     those limitations include the specific area of the jail.  It

19     includes the specific time period that we're looking at.  So

20     we do seem to be cooperating, I guess.

21             I understand that initially, when the JSR came

22     out, it is our position that discovery should be limited.

23     But I just want to let the Court know that we are working

24     through that, at least with what we've been served.

25             We had hoped that the discovery would have been

Status Conference - 7/11/2024

Page 13

1    delayed until after we resolved some of these issues.  But

2    it was served pretty quickly, and I think the parties fairly

3    have been working through it.

4          So I don't know right now if a specific order

5    limiting or bifurcating discovery is necessary, considering

6    we already have discovery served, and also because it seems

7    like we're working together.  If a dispute comes up, then

8    maybe this issue might come up again.

9          THE COURT:  Right.  So Mr. Cornelius, what I'm

10   hearing from you with respect to the Joint Status Report is

11   you've requested some bifurcated discovery, but what I'm

12   hearing -- and a court order as such, but what I'm hearing

13   from you is because you've been working cooperatively with

14   Plaintiff's counsel, that you feel at this time that such an

15   order is unnecessary, but you reserve the right, obviously,

16   as always in any case, to bring matters to the Court's

17   attention with respect to any conflicts that may arise; is

18   that correct?

19         ATTORNEY CORNELIUS:  That would be our position

20   your Honor, yes.

21         THE COURT:  Okay.  Mr. Pritchard?

22         ATTORNEY PRITCHARD:  I do just want to say one

23   thing for the record.  We just want documents.  And there

24   was a conversation about scope as to time and as to location

25   that we had discussed just for the purposes of trying to

Status Conference - 7/11/2024

Page 14

1     move things along.

2              But I just want to be clear on the record that we

3     may very well have an issue related to temporal and

4     geographic scope of discovery in this case.

5              THE COURT:  Okay.  All right.  Well, I don't want

6     to sort of proceed with argument on that at this point,

7     obviously, because it's premature, and it may ultimately be

8     unnecessary.  But thank you for your points on this.

9              All right.  Let's move to the framing issues,

10    then.  And this may have changed following on from the

11    discovery issue.

12             Plaintiff's proposing the closure of discovery on

13    May 9 and class certification by that date.

14             Defense is requesting class certification be

15    completed within 180 days -- that's approximately November

16    or December -- and class certification at that time.

17             So it's obviously a fairly significant sort of

18    difference in opinion on that.  Given that, since the JSR

19    was filed and you've been working on things, Mr. Cornelius,

20    do you have any update for the Court on your thoughts on

21    that timing, or are you sort of standing fast on the end of

22    the year?

23             ATTORNEY CORNELIUS:  I'm standing fast on the end

24    of the year, your Honor.  We are trying to work through the

25    discovery.  I -- we do have answers due -- Mr. Pritchard was

Page 15

1       correct that an extension of time was given, and we do have

2       answers due, I believe it's Monday.  We are going to be

3       trying to produce what we can, and I anticipate -- and we

4       had a discussion with Mr. Pritchard about this -- that

5       discovery may be rolling, may be coming in a rollout.  But

6       our goal is to complete this sooner rather than later.

7               With that said, I still feel that a November or

8       December discovery cutoff date is appropriate.

9           THE COURT:  All right.  It seems to the Court

10      slightly contradictory in the sense that some of your

11      arguments are sort of burdened.  And usually, when working

12      through burden, it takes longer rather than shorter when we

13      talk about discovery burden.

14              So -- but I'm going to hear from Mr. Pritchard on

15      his suggested timing with respect to May 2025.

16              ATTORNEY PRITCHARD:  Well, I think your Honor is

17      right.  That's my impression as well, and particularly

18      because I had thought that class certification deadline by

19      the end of this year was predicated on the idea of there

20      being some sort of bifurcated or limited phase of discovery.

21      And it sounds like that is no longer the defendant's

22      position.  And so I don't see how they can (inaudible)

23      because it's not (inaudible).

24              THE COURT:  All right.  Let's turn now to the

25      related cases.  Did the parties receive the Court's list of

Page 16

1    cases that appear to the Court to be related to

2    Mr. Wolfclan's?

3              ATTORNEY CORNELIUS:  Yes.

4              THE COURT:  Okay.  All right.

5              And Mr. Pritchard, I think you had noted a

6    position that staying these cases made sense.

7              Mr. Cornelius, I don't believe the defense took a

8    position.

9              Mr. Pritchard, any update on that?

10             ATTORNEY PRITCHARD:  Well, I think essentially

11   our position is the same.  We think that it would create a

12   pretty significant administrative burden to consolidate

13   these cases because there would still be individual pro se

14   plaintiffs that retain individual claims for damages, and we

15   would not be representing those pro se plaintiffs as to

16   their individual claims for damages.

17             So in our view, the mechanism of a class action

18   seeking injunctive relief and a declaratory judgment as to

19   liability is the most efficient way of handling the issues

20   here.

21             And it would ultimately, if we get to the point

22   of a judgment, would go a very long way to deciding the

23   question that had been raised by the pro se plaintiffs in

24   all of those other cases, because there would still be a

25   judgment as to liability if not damages, right?

Status Conference - 7/11/2024

Page 17

1          So we also went back, our office, looked at the

2      individual complaints, can say that virtually all of them

3      would be within the class that we are proposing, at least

4      again, as to injunctive relief.

5          So you know, there's no question, in my mind at

6      least, that the case that we have with our current client,

7      Echota Wolfclan, as a class action would go a long way to

8      resolving all of the other issues that have been raised in

9      these other cases.  And for that reason, we think a stay is

10     the most appropriate (inaudible).

11          THE COURT:  All right.  Thank you, Mr. Pritchard.

12          Mr. Cornelius?

13          ATTORNEY CORNELIUS:  Defense is not opposed to a

14     stay.

15          THE COURT:  All right.  All right.

16          So Mr. Pritchard, anything else in the Joint

17     Status Report or any other matter that you want to raise

18     with the Court at this time?

19          ATTORNEY PRITCHARD:  I don't think so.  Thank

20     you.

21          THE COURT:  All right.  Mr. Cornelius?

22          ATTORNEY CORNELIUS:  Not at this time, your

23     Honor.

24          THE COURT:  All right.  Let me check one moment

25     with my law clerk just to make sure that we have everything

Status Conference - 7/11/2024

Page 18

1      covered.

2              All right.  So -- yes.  All right.  So we will --

3      I will issue an order shortly with respect to timing and

4      give some clarity on these matters.

5              Again, thank you to all of you for being here.

6              And I understand that discovery is ongoing, it's

7      rolling.  Please do not hesitate to reach out to the Court

8      if there are any issues.

9              The procedure for that, that sort of minimizes

10     burden on the parties, is set forth in my chambers

11     procedures.  We can have a phone call.  We can do things

12     pretty quickly.

13             I want to keep this case moving.  I know you all

14     do as well, and I want to sort of nip issues in the bud if

15     we can, and reduce the briefing burden on you all.  So

16     please feel free to reach out, of course following the

17     chambers procedures, and we can get things resolved pretty

18     quickly.  All right?

19             All right.  Thank you to you all again, and we

20     will be in recess.

21             ATTORNEY CORNELIUS:  Thank you.

22             THE CLERK:  Court is in recess.

23             (Conclusion of hearing)

24

25

Page 19

```
 1                 C E R T I F I C A T E

 2    STATE OF WASHINGTON      )

 3                             ) ss

 4    COUNTY OF KING           )

 5              I, Elizabeth Patterson Harvey, a Certified

 6    Court Reporter and Registered Professional Reporter

 7    within and for the State of Washington, do hereby certify

 8    under penalty of perjury that the foregoing court

 9    proceedings or legal recordings were transcribed under my

10    direction; and that the transcript is true and accurate

11    to the best of my knowledge and ability, including

12    changes, if any, made by the trial judge reviewing the

13    transcript; that I received the electronic recording in

14    the proprietary court format; that I am not a relative or

15    employee of any attorney or counsel employed by the

16    parties hereto, nor financially interested in its

17    outcome.

18              IN WITNESS WHEREOF, I have hereunto set my

19    hand this 9th day of August, 2024.

20

21

22

23    _____

24    Elizabeth Patterson Harvey, CCR 2731

25
```