# EXHIBIT 9



July 29, 2024

J. Scott Pritchard
600 University Street, Suite 3600
Seattle, WA  98101
D. 206.386.7585
Scott.Pritchard@stoel.com

**VIA EMAIL**

Frank Cornelius
Pierce County Prosecuting Office (Civil)
955 Tacoma Ave. S., Ste. 301
Tacoma, WA 98402-2160
frank.cornelius@piercecountywa.gov

**Re:    Wolfclan v. Pierce County (C23-5399-TSZ-SKV) – Continued ESI Collection Issues and Defendants' Deficient Responses and Objections to Plaintiff's Discovery Requests**

Dear Frank:

We are writing in response to your July 10 letter, July 17 letter, and Defendants' Responses and Objections to Plaintiff's First Set of Discovery Requests, served on July 15.  Defendants' letters and Responses and Objections collectively raise significant discovery deficiencies and concerns. Since Plaintiff served discovery requests on May 30th, we have received only 421 pages of documentation from Defendants, which appears to consist only of the basic components of Plaintiff's jail file.  We have received no emails, no identification of Pierce County employees (other than the named Defendants) who have relevant knowledge, and no information about the plumbing issues at the heart of this case.

We are trying to work with you cooperatively to facilitate Defendants production of responsive information in a timely manner, but Defendants' blanket objections and refusal to engage with standard e-discovery procedures are improper and prevent us from doing so.  We recognize that you filed a notice of unavailability for the entirety of last week, which is why we are sending this letter today, but we do need to move forward promptly on these issues.  **As a result, please let us know your availability for a meet and confer on the issues outlined in this letter this week, and we will do our best to accommodate your schedule.**[1]

In addition to responding to our request for a meet and confer this week, please let us know if you agree to utilize the expedited discovery dispute procedure set forth in LCR 37(a)(2), as Judge Vaughan encouraged the parties to do during the status conference on July 11.

---

[1] The deficiencies outlined in this letter do not necessarily include all of the deficiencies in Defendants' discovery responses to date nor does Plaintiff intend it to do so. Plaintiff expressly reserves the right to raise other issues with Defendants' answers and responses at a later date.

Frank Cornelius
July 29, 2024
Page 2

**ESI Collection:**

In our June 27 letter, we explained in detail why Defendants' ESI disclosure was insufficient, and we proposed specific search terms to be applied. In response, you sent two letters refusing to supplement your disclosure and refusing to run any of the terms we suggested. In the second of those letters, you claim County employees spent thirteen hours running random search terms selected by you, but Defendants have also apparently not collected or begun reviewing any of the results of those searches. There is simply no reason why we are here, at square one, months after Plaintiff issued discovery requests and the parties agreed on an ESI protocol that was entered as a Court order in this case on June 13. The following provides a basic overview of how the process should and normally would proceed absent the inappropriate objections we have received to date.

*First*, Defendants should identify individuals who have relevant electronic data, known as custodians. You apparently seek to limit email searches to the named Defendants, but that is improper. There are clearly other Pierce County employees who are aware of and have relevant information regarding the issues in this case, and it is not Plaintiff's burden to identify custodians with relevant information. Nonetheless, based on our review of the limited documents produced to date, here are some examples of additional people that we believe have relevant information and whose electronic data should also be searched and produced. This list is not exhaustive, nor is it intended to be. Again, Defendants, not Plaintiff, bear the burden of identifying all custodians who are likely to have discoverable information. *See* ESI Agreement and Order, ¶ B.1.

- Eddie Parker
- Brian Sutherlin
- Forest Ake
- Marvin Spencer
- Lt. Jerry Pihl
- Dave Emery

*Second*, after Defendants have identified the custodians from whom they will collect ESI, then they must identify all databases (physical and electronic) where those custodians may have discoverable ESI. Assuming Defendants use Microsoft 365 and Teams, the relevant databases are likely Exchange mailboxes, OneDrive for Business accounts, Sharepoint sites, Microsoft Teams, Microsoft 365 Groups and Viva Engage Teams. But again, we do not know for certain because Defendants have not made the required disclosures.

*Third*, once custodians and databases are identified, one set of search terms can be run across all data repositories in order to come up with the universe of documents that are potentially responsive to Plaintiff's discovery requests. The data can then be exported per custodian, reviewed for responsiveness, and produced. Using this standard workflow eliminates any need to run multiple searches across multiple custodians' data with separate terms for each individual request for production, as you apparently chose to do per your July 17th letter.

Frank Cornelius
July 29, 2024
Page 3

Our firm has a dedicated e-discovery group that can explain in detail the technical method by which this search and collection process can be efficiently accomplished. We propose having a member of our group on a call with you and the employee or employees that you are working with to identify a complete list of ESI sources, proper custodians, and to run searches. Please let us know if you are willing to participate in such a call. We think it would go a long way to cutting through the issues here.

We would like to avoid Defendants spending any more time searching for documents by undisclosed methods, using terms the parties neither agreed upon nor were proposed by Plaintiff. If Defendants agree to run the terms we proposed on June 27 using the workflow set forth above, they can generate a hit report that will serve as a basis to determine whether the terms need to be modified in some respect. Simply refusing to engage with the terms we proposed, however, is improper and creates needless delay. Defendants have provided no basis to demand that we provide separate search terms for each individual request for production, and the ESI Order clearly contemplates that the parties will agree to a single set of search terms that are then run across all custodians and databases.

### Defendants' Arbitrary Limitations on Time and Scope

Defendants have also limited their discovery responses to "the time period of April 8, 2020, to the date of the initial Complaint May 2, 2023," and "to Plaintiff Wolfclan, Jail location 3NA." These limitations are not appropriate.

"The scope of discovery under the Federal Rules is extremely broad." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Plaintiff is entitled to discover any non-privileged information that is relevant to any party's claim or defense. *See* FRCP 26. "A relevant matter is any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto*, 162 F.R.D. at 610 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978).

As I am sure you know, conditions of confinement cases assess, among other things, whether Defendants' policies and practices reflect deliberate indifference. *See Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 155 (N.D. Cal. 2015). We already know that the Pierce County Jail solicited an engineering report detailing the dire state of the jail's plumbing as early as 2014. That report was specifically produced by you in another litigation involving Plaintiff regarding the same conditions that persist today. There are also lawsuits from 2012 addressing similar unsanitary condition issues, which we identified in Plaintiff's discovery requests. We also know Ms. Jackson-Kidder was specifically informed in 2016 that methane/sewer smell in the Pierce County Jail was an "ongoing chronic health and safety issue." Plaintiff is entitled to discovery to determine the extent to which Defendants knew about the problems detailed in this lawsuit, for how long, and

Frank Cornelius
July 29, 2024
Page 4

what they did or did not do about those problems. Such discovery is relevant to the claims asserted in this case, even if it falls outside of any applicable statute of limitations period.[2]

Additionally, Plaintiff's proposed class is not limited to inmates who are or have been housed in the "3NA" cell block. *See* Plaintiff's First Amended Complaint. As Defendants are well aware, there are over thirty other pending lawsuits by inmates alleging similar unsanitary conditions existing throughout the jail. Plaintiff is entitled to discovery as to the full extent of the unsanitary conditions that exist. Any purported defense Defendants might raise again does not provide grounds to block otherwise relevant discovery.

Please remove these improper restrictions on the scope of discovery so the parties can avoid a motion to compel on the issues.

### Defendants' Inappropriate Limitation to Discovery Related to Class Certification

Defendants also object that Plaintiff's discovery request are "outside the scope of class certification question." These objections are particularly troubling since they were served a week after the status conference with Judge Vaughan in which you expressly agreed that discovery would not be phased. To the extent Defendants have withheld responsive information or documents based on this objection, they must supplement their responses immediately.

### Defendants' Inappropriate Limitation Based on RCW 70.48 (The Jail Act)

Defendants also object that **Interrogatory Nos. 5, 8, 11, 14 and RFPs 5, 8, 11, 14-16, 20-24, 26, 27, 31** implicate the Jail Act, RCW 70.48. To the extent Defendants are withholding documents or responsive information based on this objection, Defendants must supplement their answers to explain exactly what is being withheld.  Most, if not all, of the information sought through Plaintiff's discovery requests falls outside the scope of the Jail Act. However, to the extent the Jail Act does apply here, RCW 70.48.100(2)(c) allows for the use of discovery material "in court proceedings upon written court order of the court in which the proceedings are conducted." Accordingly, Plaintiff requests that the parties meet and confer regarding this objection to enter into an appropriate stipulation to present to the Court.

---

[2] There is ample authority demonstrating that a statute of limitations defense does not provide grounds to bar otherwise relevant discovery.  *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 357-58 (N.D. Ill. 2005) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351–52, 98 S.Ct. 2380 (1978); *Lancaster v. Norfolk and Western Ry. Co.,* 773 F.2d 807 (7th Cir.1985); *Whittaker Corp. v. Execuair Corp.,* 736 F.2d 1341, 1347 (9th Cir.1984)).

Frank Cornelius
July 29, 2024
Page 5

**Additional Specific Deficiencies**

In addition to Defendants' baseless objections regarding time, scope, and phasing of discovery, Plaintiff also identifies the following specific deficiencies with respect to Defendants' responses and objections to the Interrogatories and RFPs:

**Interrogatory No. 1 & RFP 1, 19, 20 –** Defendants respond that a protective order is required to answer these requests. Plaintiff is willing to enter into a stipulated protective order governing confidentiality consistent with the WDWA model.  Please send us a draft for consideration.

**Interrogatory Nos. 2, 5, 7, 9 & RFP 2, 5, 7, 9, 15, 16, 20, 21, 23, 24, 25, 26, 27, 28, 29 –** Defendants respond that "[i]n order to identify potential responsive information, the discovery request implicates ESI protocol. Supplement pending ESI protocol finalization." The ESI protocol was finalized by the parties on June 10 and entered as an order by the Court on June 13. As such, there is nothing left to "finalize" regarding the ESI protocol and Defendants must substantively answer the requests at this time using the process described above.

**Interrogatory Nos. 2 & 6 –** Plaintiff requests the names of individuals who have been employed or contracted to perform maintenance of toilets or plumbing and who have worked with inmates housed in the Mental Health Units since 2012. Defendants did not provide any names in response to Interrogatory 2 and in response to Interrogatory 6, only identified medical staff.  Defendants also did not identify any individuals aside from the named defendants in its initial disclosures and appear to be suggesting (as discussed above) that they plan only to collect ESI from the named defendants as custodians. Refusing to answer interrogatories seeking the identity of individuals with relevant information, while simultaneously claiming it is Plaintiff's burden to identify additional custodians, is manifestly improper.  Please provide a date certain by which Plaintiff can expect a substantive response to these interrogatories, including names and dates of employment.

**Interrogatory No. 12 –** Plaintiff requested that Defendants provide the factual basis for its denial of paragraph 60 of the Amended Complaint and its contention that "Plaintiff misrepresents a 2014[] engineering report regarding water closet placement." Defendants' response that "the cited report speaks for itself" is insufficient. Plaintiff is entitled to an explanation of the factual basis for its denial of paragraph 60 and how Plaintiff misrepresents the cited report from Defendants' perspective. Please supplement your response.

**RFP No. 3 –** Defendants respond that "[t]his discovery request **may** be supplemented" (emphasis added). Do Defendants intend to supplement the response or not?  Plaintiff is entitled to know whether Defendants are standing on their objections or intend to provide a substantive response to the request. If Defendants intend to supplement, please provide a date certain by which Plaintiff can expect a supplemented response.

Frank Cornelius
July 29, 2024
Page 6

Additionally, Defendants responded to many of the requests by simply stating, "to be supplemented." Please provide a date certain that Plaintiff can expect a substantive response to each request that Defendants stated would be supplemented.

**Interrogatory No. 11 & RFP No. 11** – Plaintiff requests that Defendants identify each time that "an inmate including but not limited to Plaintiff, was denied the ability to submit a grievance about unsanitary living conditions at Pierce County Jail from 2012 to Present" and any documents or communications Defendants rely on to provide that information. Defendants inappropriately limit their response to Plaintiff Wolfclan. Plaintiff has not agreed to limit its discovery requests to Plaintiff Wolfclan at this time, nor has the Court ordered that it do so. Moreover, Defendants' response to RFP 11 that "Plaintiff has provided no evidence to support this allegation" and "[d]iscovery and investigation continue" is insufficient. The notion that Plaintiff should have to provide "evidence" to support its allegation in order to obtain discovery about it is nonsensical. Additionally, the response does not answer whether Defendants intend to supplement, with what information, and when. Please provide a date certain by which Plaintiff can expect a substantive answer to these requests, without inappropriate limitations.

We look forward to hearing from you.

Best Regards,

Scott Pritchard