# EXHIBIT 10

**Pierce County**

**Office of Prosecuting Attorney**

REPLY TO:
**CIVIL DIVISION**
930 Tacoma Avenue South, Suite 946
Tacoma, WA  98402

**MARY E. ROBNETT**
Prosecuting Attorney

Main Office:  (253) 798-6732

July 31, 2024

**VIA EMAIL**

To:     All Counsel

RE:     *Wolfclan v. Pierce County* (23-cv-5399-TSZ-SKV)

Counsel:

      The following is in response to your July 29, 2024, letter.  The ESI Agreement ("Agreement") does not allow Plaintiff to dictate discovery.  The Agreement requires the parties to cooperate in developing a search protocol for discovery that will identify relevant and responsive information that is proportional to the needs of the case. See Dkt. 110, ¶2. The Agreement itself is not a discovery request.

      In federal court there is an increased focus on the question of proportionality, and on whether ESI sought is justified. Many of Plaintiff's discovery requests are improper and are duplicative/cumulative and/or include very general terms.  See Fed. R. Civ. P. 26(b)(2)(C)(i). Search term consideration is needed for each individual discovery request to avoid duplication and retrieval of voluminous irrelevant and nonresponsive information. *Id.*

      The issues in this case that involve Mr. Wolfclan are very narrow and relate only to alleged problems with jail toilet plumbing in the 3NA section of the jail. Defendants did not agree that phased discovery was unnecessary.  The Court was informed that the parties reached agreement to narrow the time period and jail location related to discovery. Plaintiff has no standing beyond his own claims, and the case is currently a single action. The Court was further informed that discovery relating to other inmates in the jail would be prohibited by RCW 70.28.100, and it is Defendants' position that it cannot override the statute by stipulation. At this time, and defense made clear to the Court, the focus of discovery should be on Mr. Wolfclan and relevant Rule 23 factors.

      Defendants have identified custodians, applicable databases, and proposed targeted search terms. Our proposed ESI search protocol offers a very broad search application, which is evident based on the test search queries we ran that were identified in Defendants' July 17, 2024, letter.  Your refusal to cooperate and identify search term queries for specific discovery requests is unreasonable – discovery requests include but may not be

To All Counsel
July 31, 2024
Page 2

limited to those cited in your July 29, 2024, letter. Without agreement on ESI-related issues on Plaintiff's extensive discovery requests, it is premature and improper for Plaintiff to argue that Defendants' discovery answers are deficient.

Interrogatories 11 and 12 and the corresponding requests for production are answered. Our goal at this time is to provide a supplement by Friday, August 2, 2024.

Lastly, Plaintiff does have the burden to support his claims and allegations. Fed. R. Civ. P. 26(a)(1)(A)(i) and (ii) requires: (1) identification of individuals along with the subjects of information those individuals have that Plaintiff "may use to support his claims or defenses;" and (2) production of documents a party "may use to support its claims or defenses." Please identify the claims or defenses each witness identified by Plaintiff supports. Plaintiff also produced no documents with his Initial Disclosures, although required, and his description of documents is too vague and broad. Please immediately supplement or correct.

Defense can be available for a meet and confer on Thursday, August 1, 2024, after 10 a.m. Defense is also available August 6 (before 2 p.m.) – 9.  The meet and confer will include discussion regarding a Protective Order. Please advise.

Sincerely,

*s/ Frank A. Cornelius*

Frank A. Cornelius
Deputy Prosecuting Attorney
(253) 798-6514

FAC/nb
cc: Jana Hartman