# EXHIBIT 11

| | |
|---|---|
| **From:** | Rubin, Michael P. |
| **To:** | Jana Hartman; Frank Cornelius; Harris, Alissa N. |
| **Cc:** | Cullen, Rachael Y.; Harris, Kristy; Lisa Elliott; Mark Walters; Mitchell West; Pritchard, J. Scott; Nadine Christian-Brittain |
| **Subject:** | RE: Wolfclan v. Pierce County, et al. - Meet & Confer Summary [SR-ACTIVE.FID5824106] |
| **Date:** | Friday, August 2, 2024 9:32:10 AM |
| **Attachments:** | image005.png<br>image001.png |

Thanks, Jana. We understood the same.

**From:** Jana Hartman <jana.hartman@piercecountywa.gov>
**Sent:** Friday, August 2, 2024 9:31 AM
**To:** Rubin, Michael P. <michael.rubin@stoel.com>; Frank Cornelius <frank.cornelius@piercecountywa.gov>; Harris, Alissa N. <ali.harris@stoel.com>
**Cc:** Cullen, Rachael Y. <rachael.cullen@stoel.com>; Harris, Kristy <kristy.harris@stoel.com>; Lisa Elliott <lmarieroybal@gmail.com>; Mark Walters <walters@lowegrahamjones.com>; Mitchell West <west@lowegrahamjones.com>; Pritchard, J. Scott <scott.pritchard@stoel.com>; Nadine Christian-Brittain <nadine.christian-brittain@piercecountywa.gov>
**Subject:** RE: Wolfclan v. Pierce County, et al. - Meet & Confer Summary [SR-ACTIVE.FID5824106]

Frank is now on leave until Tuesday. I would like to clarify that we agreed to run a hit query with your search terms. We did not agree to begin any document review.

**From:** Rubin, Michael P. <michael.rubin@stoel.com>
**Sent:** Friday, August 2, 2024 9:09 AM
**To:** Frank Cornelius <frank.cornelius@piercecountywa.gov>; Harris, Alissa N. <ali.harris@stoel.com>; Jana Hartman <jana.hartman@piercecountywa.gov>
**Cc:** Cullen, Rachael Y. <rachael.cullen@stoel.com>; Harris, Kristy <kristy.harris@stoel.com>; Lisa Elliott <lmarieroybal@gmail.com>; Mark Walters <walters@lowegrahamjones.com>; Mitchell West <west@lowegrahamjones.com>; Pritchard, J. Scott <scott.pritchard@stoel.com>; Nadine Christian-Brittain <nadine.christian-brittain@piercecountywa.gov>
**Subject:** RE: Wolfclan v. Pierce County, et al. - Meet & Confer Summary [SR-ACTIVE.FID5824106]

Good morning, Frank. Our clarifications in *bold italics* below.

**From:** Frank Cornelius <frank.cornelius@piercecountywa.gov>
**Sent:** Friday, August 2, 2024 8:37 AM
**To:** Harris, Alissa N. <ali.harris@stoel.com>; Jana Hartman <jana.hartman@piercecountywa.gov>
**Cc:** Cullen, Rachael Y. <rachael.cullen@stoel.com>; Rubin, Michael P. <michael.rubin@stoel.com>; Harris, Kristy <kristy.harris@stoel.com>; Lisa Elliott <lmarieroybal@gmail.com>; Mark Walters <walters@lowegrahamjones.com>; Mitchell West <west@lowegrahamjones.com>; Pritchard, J. Scott <scott.pritchard@stoel.com>; Nadine Christian-Brittain <nadine.christian-brittain@piercecountywa.gov>
**Subject:** RE: Wolfclan v. Pierce County, et al. - Meet & Confer Summary [SR-ACTIVE.FID5824106]

Good morning. Defendants stand by their objections to Plaintiff's discovery requests that include but are not limited to relevance and proportionality. Plaintiff served many improper duplicative/cumulative discovery requests. Plaintiff will not address that issue. ***Our understanding is that we addressed the issue by clarifying we expected Defendants to (after negotiation) create a document review universe by running search terms across an agreed list of databases and custodians, and then review each document once to determine whether it is responsive to any of Mr. Wolfclan's RFPs. That way there is no duplicative or unduly burdensome effort for Defendants. We understand you disagree with this approach.*** It is Defendants' position that Plaintiff is now trying to shift course and demand a very general broad search query. Defendants have agreed to test Plaintiff's proposed general search and have not waived objections. We agreed to identify the custodian and databases used. ***Thank you.***

In addition, at this time this is a single action, not a class action. Plaintiff Wolfclan has no standing to claim a plumbing problem throughout the jail. Plaintiff's counsel ignore this issue and would not address it yesterday. ***We explained that our stance was that discovery related to class certification is appropriate and warranted.*** Defendants also have no authority to "stipulate" to a waiver of privacy interests implicated by the Jail Act. ***We did not request a stipulation to waive privacy interests of detainees, but a stipulation to an "order of the court" contemplated by RCW 70.48.100(2)(c) that would allow these records to be produced. Our understanding is that you would not agree to join us in asking the Court for such an order not because Defendants lack the authority to ask, but because Defendants object to the scope of discovery.*** Lastly, Plaintiff refused to supplement his Initial Disclosures. It is Plaintiff's position that (1) each witness identified supports all claims, and (2) Plaintiff has no documentary evidence to support his claims. ***We clarified that Plaintiff does not have any relevant documents in his possession. All relevant documents that currently exist are likely in the possession of Defendants or other employees of Pierce County.***

Thank you

**Frank Cornelius**
**Deputy Prosecuting Attorney | Civil Litigation**
Pierce County Prosecuting Attorney's Office|Civil Division
930 Tacoma Avenue South, Rm. 946
Tacoma, WA 98402-2171
Direct Line: 253.798.6514 | Fax: 253.798.6713



Notice of Confidentiality: This communication from an attorney may be privileged. Do not copy it, forward it, or place it in any public file. Maintain it separately from public records subject to disclosure. If you are not an intended recipient, please permanently delete and notify me immediately. Thank you.

**From:** Harris, Alissa N. <ali.harris@stoel.com>

**Sent:** Thursday, August 1, 2024 4:03 PM
**To:** Jana Hartman <jana.hartman@piercecountywa.gov>; Frank Cornelius <frank.cornelius@piercecountywa.gov>
**Cc:** Cullen, Rachael Y. <rachael.cullen@stoel.com>; Rubin, Michael P. <michael.rubin@stoel.com>; Harris, Kristy <kristy.harris@stoel.com>; Lisa Elliott <lmarieroybal@gmail.com>; Mark Walters <walters@lowegrahamjones.com>; Mitchell West <west@lowegrahamjones.com>; Pritchard, J. Scott <scott.pritchard@stoel.com>; Nadine Christian-Brittain <nadine.christian-brittain@piercecountywa.gov>
**Subject:** Wolfclan v. Pierce County, et al. - Meet & Confer Summary [SR-ACTIVE.FID5824106]

Frank, Jana,

Thank you for your time at the meet and confer today. This email summarizes the agreements and impasses the parties came to regarding discovery. If we have misstated your positions, please correct us.

Search Terms – Defendants agreed to run the search terms we requested in our June 27 letter (and re-sent in an email earlier today) across specific databases and custodians. Defendants further agreed to identify with specificity the custodians and databases over which the searches are run and to provide a hit report showing the unique hit counts for each query, as called for in the ESI Order entered on June 13. The parties agreed that after Plaintiff receives the hit report showing unique hit counts for each query, the parties can discuss whether it is necessary to narrow any of the search terms.

Scope of Discovery – The parties could not reach agreement regarding the scope of discovery. Defendants stand on their relevancy objection and will not provide responsive documents or information that is not related to: 1) Mr. Wolfclan, 2) the time period Mr. Wolfclan was incarcerated, and 3) the 3 North A Unit. It is also Defendants' position that any class-certification discovery must be limited to all of the three factors above. As discussed, it is Plaintiff's position that information related to the same issue occurring in other areas of the jail and affecting other inmates is relevant to Plaintiff's claims.

The Jail Act (RCW 70.48.100) – The parties could not reach an agreement as to what, if any, of Plaintiff's discovery requests are implicated by the Jail Act. It is Defendants' position that the Jail Act precludes them from producing any documents held by the jail that are "related to" any inmate other than Mr. Wolfclan. Defendants will not agree to stipulate to an order allowing the production of documents potentially implicated by the Jail Act because, in Defendants' view, it is unnecessary for Plaintiff to discover information related to anyone except Mr. Wolfclan. Defendants also confirmed that the Jail Act's protections are the basis for the redactions in documents produced thus far and that Defendants will not remove the redactions.

Best,

Ali

**Alissa Harris** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7526 | Mobile: (253) 740-7492
ali.harris@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.