UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ECHOTA C. WOLFCLAN and ZAKERY BONDS, on behalf of themselves and other similarly situated individuals,

Plaintiffs,

v.

PIERCE COUNTY; PIERCE COUNTY COUNCIL; PIERCE COUNTY SHERIFF ED TROYER; PIERCE COUNTY CHIEF OF CORRECTIONS PATTI JACKSON; CAPTAIN MATTHEW DOBSON; and SERGEANT ANTHONY MASTANDREA,

Defendants.

C23-5399 TSZ SKV

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge, docket no. 222. Having reviewed the R&R, defendants' objections to the R&R, docket no. 225, and plaintiffs' response thereto, docket no. 227, the Court ORDERS as follows:

(1)     The well-reasoned R&R, docket no. 222, is MODIFIED, as explained further below, and ADOPTED[1];

---

[1] Defendants' objections to the R&R merely repeat arguments that were more than adequately addressed in the R&R and fail to identify any flaw in the analysis set forth in the R&R.

ORDER - 1

(2)    Plaintiffs' motion to exclude the testimony of defendants' expert Daniel Rapp, docket no. 203, is GRANTED;

(3)    Defendants' amended motion to exclude the testimony of plaintiffs' experts James Platt, Stephen Sinclair, and Matthew Call, docket no. 196, is DENIED, except that, as indicated in the R&R, defendants may raise issues relating to the scope of Call's expert testimony in "an appropriately timed motion in limine," R&R at 26 (docket no. 222);

(4)    Plaintiffs' motion for class certification, docket no. 168, is GRANTED, as follows:

(a)    Pursuant to Federal Rule of Civil Procedure 23(b)(2), a class is hereby CERTIFIED and shall comprise:

> All detainees who are presently held, or were held during the period from May 2, 2020,[2] to the present, in any cell blocks at Pierce County Jail having unremedied plumbing defects leading to unsanitary living conditions, and all detainees who will be held in those cell blocks in the future;

see R&R at 42, ¶ 4(a) (docket no. 222); the Court agrees with the R&R that plaintiffs have met the numerosity, commonality, typicality, and adequacy prerequisites for class certification, see Fed. R. Civ. P. 23(a), and that, because defendants have "acted or refused to act on grounds that apply generally" to the

---

[2] This case is brought under 42 U.S.C. § 1983 and state constitutional and tort law. See 3d Am. Compl. (docket no. 147). Because § 1983 does not specify a limitations period, Washington law relating to personal injury actions applies. See Beyhawck v. Wash. State Patrol, No. 25-cv-5995, 2026 WL 201216, at *2 (W.D. Wash. Jan. 27, 2026). The applicable limitations period for all claims in this matter is three years. See id.; see also RCW 4.16.080(2). This matter commenced on May 2, 2023, and thus, the class period must be limited to the dates after May 2, 2020.

ORDER - 2

above-defined class, "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," Fed. R. Civ. P. 23(b)(2);

(b)    Named plaintiffs Echota C. Wolfclan and Zakery Bonds are APPOINTED as class representatives;

(c)    Jenna M. Poligo and J. Scott Pritchard of the firm Stoel Rives LLP[3] and Mark P. Walters and Mitchell D. West of the firm Lowe Graham Jones PLLC are APPOINTED as class counsel; and

(d)    Whether and, if so, how notice should be provided to putative class members shall be decided by Magistrate Judge Vaughan;

(5)    This matter is RE-REFERED to Magistrate Judge Vaughan for further proceedings; and

(6)    The Clerk is directed to send a copy of this Order to all counsel of record and to Magistrate Judge Vaughan.

IT IS SO ORDERED.

Dated this 23rd day of June, 2026.

_____
Thomas S. Zilly
United States District Judge

_____

[3] Alissa N. Harris, Michael P. Rubin, and Sara J. Wadsworth of the firm Stoel Rives LLP, and solo-practitioner Lisa Roybal Elliot have also appeared on behalf of plaintiffs, _see_ Notices of Appearance (docket nos. 87, 102, & 167), but no biographical information about these attorneys was submitted in support of the motion for class certification, _see_ Exs. NN–QQ to Pritchard Decl. (docket nos. 183-40 – 183-43) and they are therefore not appointed as class counsel.

ORDER - 3